OPINION JOURNAL ENTRY
{¶ 1} On July 10, 1997 Applicant, Joseph A. Wright, was convicted on one count of corruption of a minor, two counts of gross sexual imposition, and three counts of rape. This court affirmed that judgment in State v. Wright (Sept. 27, 2001), 7th Dist. No. 97 CO 35.
 {¶ 2} Wright filed an initial application for reopening of his appeal on November 30, 2001 which we denied. State v. Wright (Mar. 21, 2002), 7th Dist. No. 97CO35. Wright has filed this second application for reopening, once again asserting he was denied the effective assistance of appellate counsel because his counsel did not assign a particular error. We deny this application for reopening because successive requests are not permitted.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on September 27, 2001. Although the original application was timely, the second application was filed well in excess of the ninety-day limit, and does not offer an explanation for its untimeliness. Therefore, Wright has not demonstrated "good cause for filing at a later time" as required by App.R. 26(B)(1). Wright's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
 {¶ 5} Wright's motion fails for yet another reason. App.R. 26(B) does not provide a criminal defendant the right to file second or successive applications for reopening. State v. Richardson (1996),74 Ohio St.3d 235, 658 N.E.2d 273. "Once ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation." State v. Cheren (1995), 73 Ohio St.3d 137, 138,652 N.E.2d 707; State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. We have already disposed of the claims by Appellant that his appellate counsel was ineffective.
 {¶ 6} Since his new claims of ineffective assistance of appellate counsel could have been raised in his initial application to reopen, Wright's second application for reopening is also denied.
Waite, P.J., Vukovich and DeGenaro, JJ., concur.